MARGARET M. STUSKI, ESQUIRE
PA Supreme Court ID 42478
61 West Louther Street
Carlisle, Pa 17013
(717) 249 - 1177
Attorney for Plaintiff

---

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| **PAMELA A. DUNKLEBERGER**<br>**103 PETERSBURG ROAD**<br>**CARLISLE, PA 17013** | :<br>:<br>: |
| **Plaintiff,** | :<br>:<br>:<br>:<br>: |
| **v.** | :<br>: |
| **JOANNE M. SEELEY**<br>**3441 LAWLER ROAD**<br>**MASLOW, OK 73055,**<br>**Defendant** | :<br>:<br>:<br>: |
| | : **CIVIL ACTION NO. _____** |
| **JAMES E. DEARDORFF, JR.**<br>**507 JERUSALEM SCHOOL ROAD**<br>**MOUNT WOLF, PA 17347,**<br>**Defendant** | :<br>:<br>:<br>: **JURY TRIAL DEMANDED** |
| | :<br>: |
| **S & D PROPERTY SOLUTIONS, LLC**<br>**C/O JOANNE M. SEELEY**<br>**3441 LAWLER ROAD**<br>**MASLOW, OK 73055,**<br>**Defendant** | :<br>:<br>:<br>:<br>: |
| | : |
| **JMS BUSINESS SOLUTIONS, LLC**<br>**3441 LAWLER ROAD**<br>**MASLOW, OK 73055,**<br>**Defendant** | :<br>:<br>:<br>: |
| | : |
| **HOME SAVINGS OF AMERICA**<br>**11020 DAVID TAYLOR DRIVE #210** | :<br>: |

**CHARLOTTE, NC 28262,** :
                          **Defendant** :
                                         :
**JANE AND JOHN Does,** :
                          **Defendants** :

---

## NOTICE

      **YOU HAVE BEEN SUED IN COURT.**  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  **You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.**

      **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

      **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Cumberland County Bar Association**
**32 South Bedford Street**
**Carlisle, PA 17013**
**(717) 249-3166**

MARGARET M. STUSKI, ESQUIRE
PA Supreme Court ID 42478
61 West Louther Street
Carlisle, Pa 17013
(717) 249 - 1177
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAMELA A. DUNKLEBERGER** | : |
| **103 PETERSBURG ROAD** | : |
| **CARLISLE, PA 17013** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : |
| **v.** | : |
| | : |
| **JOANNE M. SEELEY** | : |
| **3441 LAWLER ROAD** | : |
| **MASLOW, OK 73055,** | : |
| **Defendant** | : |
| | : **CIVIL ACTION NO.** _____ |
| **JAMES E. DEARDORFF, JR.** | : |
| **507 JERUSALEM SCHOOL ROAD** | : |
| **MOUNT WOLF, PA 17347,** | : |
| **Defendant** | : **JURY TRIAL DEMANDED** |
| | : |
| | : |
| **S & D PROPERTY SOLUTIONS, LLC** | : |
| **C/O JOANNE M. SEELEY** | : |
| **3441 LAWLER ROAD** | : |
| **MASLOW, OK 73055,** | : |
| **Defendant** | : |
| | : |
| **JMS BUSINESS SOLUTIONS, LLC** | : |
| **3441 LAWLER ROAD** | : |
| **MASLOW, OK 73055,** | : |
| **Defendant** | : |
| | : |

**HOME SAVINGS OF AMERICA**         :
**11020 DAVID TAYLOR DRIVE #210**   :
**CHARLOTTE, NC 28262,**            :
         **Defendant**   :
                          :
**JANE AND JOHN Does,**             :
         **Defendants**  :

---

## COMPLAINT

Pamela Dunkleberger, through her attorneys, hereby respectfully asks the following:

## PARTIES

1.      Plaintiff Pamela Dunkleberger (hereinafter, "Plaintiff") is an adult individual residing at 103 Petersburg Road, Carlisle, PA 17013.

2.      Defendant Joann M. Seeley (hereinafter, "Defendant J. Seeley") is an adult individual residing at 3441 Lawler Road, Maslow, OK 73055.

3.      Defendant James E. Deardorff, Jr. (hereinafter, "Defendant J. Deardorff") is an adult individual residing at 507 Jerusalem School Road, Mount Wolf, PA 17347.

4.      Defendant S & D Property Solutions, LLC (hereinafter, "Defendant S&D Property") is a limited liability company with a mailing address of C/O Joanne M. Seeley, 3441 Lawler Road, Maslow, OK 73055.

5.      Defendant Home Savings of America (hereinafter, "Defendant Home Savings") is a company with an address of 11020 David Taylor Drive #210, Charlotte, NC 28262.

6.      Defendant JMS Business Solutions, LLC (hereinafter, "JMS") is a company with an address of 3441 Lawler Road, Maslow, OK 73055.

7.      Defendants John and Jane Does were integral to the schemes and counts pled, are located at unknown locations, and, once discovered, will be substituted as parties to the litigation.

## FACTUAL BACKGROUND

8.      Paragraphs 1 through 7 are hereby incorporated as set forth herein.

9.      Plaintiff fell behind in her mortgage payments to her mortgage company Washington Mutual Bank, due to loss of work hours and illness.

10.     Plaintiff's property was listed for sheriff's sale in Cumberland County.

11.     Shortly thereafter, Plaintiff was contacted by Defendant J. Seeley and her associates doing business as S & D Property by a knock on her door.

12.     Defendant J. Seeley promised to save Plaintiff's home, and promised to get her money for her other bills.

13.     Defendant J. Seeley persisted in her efforts until Plaintiff finally consented to a "refinance."

14.     Plaintiff did not realize that the "refinance" was in fact an agreement to sell her home, and that the title of her home would transfer from her to someone else.

15.     Plaintiff did not receive copies of any of the paperwork that she signed.

16.     Closing occurred on December 7, 2008 at the home of Plaintiff with no notary present.

17.     Plaintiff never received any of the cash that was promised to her at closing.

18.     Plaintiff later learned that she no longer owned her home.  (when her friend checked the deeds filed at the courthouse.)

19.     On April 21, 2009, Plaintiff found nailed to her door a "Notice to Pay or

Vacate" addressed to Plaintiff.

20.      Plaintiff is in fear of permanently losing her home.


## FIRST COUNT

### Violations of the Real Estate Settlement Procedures Act by Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does

21.      Paragraphs 1 through 20 are hereby incorporated as set forth herein.

22.      The Real Estate Settlement Procedures Act prohibits:

> i. any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person. 12 U.S.C. § 2607(a) (2009)

23.      Plaintiff was to receive specified funds from Defendant J. Seeley, as an agent of Defendants Home Savings, and John and Jane Does, and as set forth on the HUD-1 settlement form during the settlement conference.

24.      Defendant J. Seeley, acting as an agent of Defendants Home Savings, and John and Jane Does, signed the HUD-1 settlement form stating that she would disburse funds in accordance with the settlement sheet, including disbursing funds to Plaintiff, the seller.

25.      Plaintiff never received the specified funds.

26.      Plaintiff never signed or received a copy of a HUD-1 settlement sheet.

27.      Defendants Seeley and Deardorff were frequent participants in the program created by Defendants J. Seeley, J. Deardorff.

28.      Pursuant to an agreement that investors would receive funds from the settlement, Defendants Seeley and Deardorff benefited from the business relationship with Defendants J. Seeley and John and Jane Does by receipt of a fee, kickback or thing

of value.

29.     This investment agreement between Defendants Home Savings, and John and

Jane Does and Defendants J. Seeley, J. Deardorff, and John and Jane Does violates the

Real Estate Settlement Procedures Act.

30.     Investor, Joseph Topper also received funds for the settlement which were not

disclosed to Plaintiff.

31.     The Real Estate Settlement Procedures Act provides that:

   i.     any person or persons who violate the prohibitions or limitations of this
          section shall be jointly and severally liable to the person or persons
          charged for the settlement service involved in the violation in an amount
          equal to three times the amount of any charge paid for such settlement
          service.  12 U.S.C. § 2607(d)(2) (2009)

32.     Plaintiff's money was improperly diverted under the investment agreement.

33.     A Mortgage was filed in the amount of $114,320.00 against the property in the

name of Joseph Topper.  (Exhibit "A")

34.     Plaintiff prays that this Court enters judgment in her favor against Defendants J.

Seeley, J. Deardorff, Home Savings, and John and Jane Does in treble the amount of

damages that Plaintiff suffered due to this violation.

        WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her

favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court

may see fit.


## SECOND COUNT

### Violations of the Real Estate Settlement Procedure Act by Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does

35.     Paragraphs 1 through 34 are hereby incorporated as set forth herein.

36.     The Real Estate Settlement Procedures Act prohibits a person or persons from:

    i.      receiving or giving any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.  12 U.S.C. § 2607(b) (2009)

37.     Plaintiff was to receive specified funds from Defendant J. Seeley as an agent of

Defendants Home Savings, and John and Jane Does, and as set forth on the HUD-1

settlement form during the settlement conference.

38.     Defendant J. Seeley, acting as an agent for Defendants Home Savings,  and

John and Jane Does, signed the HUD-1 settlement form stating that she would disburse

the funds in accordance with the settlement agreement, including disbursing funds to

Plaintiff.

39.     Plaintiff never received the specified funds.

40.     Defendants Home Savings, and John and Jane Does were frequent participants

in the program created by Defendants J. Seeley, J. Deardorff.

41.     Defendants Home Savings, and John and Jane Does allowed Defendant J.

Seeley to perform the work in their name as their agent.

42.     Defendants Home Savings, and John and Jane Does did not properly supervise

Defendant J. Seeley.

43.     Instead of properly providing services, Defendant J. Seeley held herself out as

the agent for Defendants Home Savings, and John and Jane Does, and performed their

duties for them.

44.     Defendants Home Savings, and John and Jane Does did not provide services

during the settlement.

45.     Defendants Home Savings, and John and Jane Does were paid for services that

they did not provide.

46.     The Real Estate Settlement Procedures Act provides that:

     i.      any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service. 12 U.S.C. § 2607(d)(2) (2009)

47.     Plaintiff prays that this Court enters judgment in her favor against Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does in treble the amount of damages that Plaintiff suffered due to this violation.

     WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.


## THIRD COUNT

### Violations of the Real Estate Settlement Procedures Act by Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does

48.     Paragraphs 1 through 47 are hereby incorporated as set forth herein.

49.     The Real Estate Settlement Procedures Act provides that:

     i.      The Secretary . . . shall develop and prescribe a standard form for the statement of settlement costs which shall be used . . . as the standard real estate settlement form in all transactions in the United States which involve federally related mortgage loans. Such form shall conspicuously and clearly itemize all charges imposed upon the borrower and all charges imposed upon the seller in connection with the settlement and shall indicate whether any title insurance premium included in such charges covers or insures the lender's interest in the property, the borrower's interest, or both. 12 U.S.C. § 2603(a) (2009)

50.     18 U.S.C. § 1010 provides that:

     i.      Whoever, for the purpose of obtaining any loan or advance of credit from

any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing and Urban Development for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Department, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Department, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined under this title or imprisoned not more than two years, or both.

51.     18 U.S.C. § 1010 provides a criminal penalty for failure to follow the

Department of Housing and Urban Development's regulations.

52.     Defendant J. Seeley acted as an agent of Defendants Home Savings, and John

and Jane Does.

53.     Defendants J. Seeley, J. Deardorff, and developed a plan to offer credit

counseling services to homeowners facing a sheriff's sale, as well as to offer that plan to

investors.

54.     As part of the services, Defendant J. Seeley impressed upon an appraiser to

inflate the value of the homes in question, including Plaintiff's home.

55.     As a result of the inflated value, the value of Plaintiff's home was listed falsely

on the settlement sheet.  (Exhibit "B")

56.     The false value on the settlement sheet influenced Defendants Home Savings,

and John and Jane Does to grant a mortgage loan in an amount higher than what the

home was worth.

57.     By inflating the value of the home, Defendants J. Seeley, J. Deardorff, and John

and Jane Does made a false statement on the HUD-1 form.

58.     Plaintiff suffered damages through the misstatement of the value of her home.

59.     Defendants J. Seeley, J. Deardorff, and John and Jane Does made the false statement in order to obtain a federally backed mortgage.

60.     Defendants Home Savings did not examine the totality of the paperwork in the transaction to obtain the knowledge that the home was being resold at an inflated amount in the same transaction.

61.     Plaintiff was deceived into signing the deed that was not explained to her as such. (Exhibit "B")

62.     Plaintiff prays that this Court enters judgment in her favor against Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does in treble the amount of damages that Plaintiff suffered due to this violation in excess of $75,000.

WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.


### FOURTH COUNT

**Violations of the Unfair Trade Practices Act Regarding Representations of Characteristics or Benefits by Defendants J. Seeley, J. Deardorff, and S & D Property Solutions, LLC, and John and Jane Does**

63.     Paragraphs 1 through 62 are hereby incorporated as set forth herein.

64.     The Unfair Trade Practices Act states that:

i.      'Unfair methods of competition' and 'unfair deceptive practices or acts' mean any one or more of the following: (v). Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he Does not have. 73 P.S. § 201-2(4)(v) (2009)

65.     Plaintiff is a consumer under the Unfair Trade Practices Act.

66.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does advertised services to consumers like Plaintiff.

67.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does made representations about the characteristics and/or benefits of the services that they were providing.

68.     Specifically, Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does stated to Plaintiff that their services included refinancing Plaintiff's home, paying off all her debt, allowing her to remain in her home, and allowing her to repurchase her property.

69.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does did not provide credit counseling and debt management services, did not pay off Plaintiff's debts, and did not re-finance Plaintiff's home without Plaintiff losing ownership.

70.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does represented that their services were of a particular character and/or had a specific benefit, instead of their actual character and/or benefit.

71.     Despite stating that their services were of a particular character and/or benefit, instead of the actual standard, Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does in reality had no credit counseling or foreclosure experience and could not do what they had promised.

72.     Defendants violated the Unfair Trade Practices and Consumer Protection Law by engaging in a deceptive act.

73.     The Unfair Trade Practices and Consumer Protection Law allows judgment to

be entered for actual damages, treble damages,  and costs and reasonable attorney's fees.

74.     As a result of this deceptive act, Plaintiff requests that judgment be entered

against Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does for

the actual damages suffered by Plaintiff, treble damages of the actual damages sustained

by Plaintiff, and costs and reasonable attorney's fees.

WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her

favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court

may see fit.


## FIFTH COUNT

### Violations of the Unfair Trade Practices Act Regarding Advertising of Services with Intent to Sell Them Not as Advertised by Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does

75.     Paragraphs 1 through 74 are hereby incorporated as set forth herein.

76.     The Unfair Trade Practices Act states that:

    i.     'Unfair methods of competition' and 'unfair deceptive practices or acts' mean any one or more of the following: (ix). Advertising goods or services with intent not to sell them as advertised. 73 P.S. § 201-2(4)(ix) (2009)

77.     Plaintiff is a consumer under the Unfair Trade Practices Act.

78.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does

advertised services to consumers like Plaintiff.

79.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does

advertised that they would provide consumer protection and credit counseling services.

80.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does

created flyers advertising services to keep people in their homes and to provide credit

counseling in a time of distress.

81.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does additionally advertised by going to potential consumers' homes and offering these services.

82.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does were not credit counselors.

83.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does did not supply credit counseling.

84.     Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does advertised services, namely credit counseling, with no intent to provide those services as advertised.

85.     Advertising services with intent not to sell them as advertised is a violation of the Unfair Trade Practices and Consumer Protection Law.

86.     The Unfair Trade Practices and Consumer Protection Law allows judgment to be entered for actual damages, treble damages, and costs and reasonable attorney's fees.

87.     As a result of this deceptive at, Plaintiff requests that judgment be entered against Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does for the actual damages sustained by Plaintiff, treble damages of the actual damages sustained by Plaintiff, and costs and reasonable attorney's fees.

        WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.

## SIXTH COUNT

### Negligent Misrepresentation by Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does

88.     Paragraphs 1 through 87 are hereby incorporated as set forth herein.

89.     Negligent Misrepresentation requires proof of:

    i.      (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresented ought to have know its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

90.     Defendants J. Seeley, Deardorff, and John and Jane Does held a mortgage closing with Plaintiff on December 7, 2008.

91.     Defendants J. Seeley and John and Jane Does were acting as the settlement agents for Defendants Home Saving, and John and Jane Does.

92.     As part of the settlement conference, Defendants J. Seeley and John and Jane Does, acting as agent for Defendants Home Savings, and John and Jane Does, executed or caused to be executed a HUD settlement sheet that states they "will cause the funds to be distributed in accordance with this [HUD-1] statement," while they knew or should have known the falsity of that statement.

93.     Defendants J. Seeley and John and Jane Does, acting as agent for Defendants Home Savings, and John and Jane Does, knew that they would not cause the funds to be distributed in accordance with the settlement statement.

94.     By stating that she would cause the funds to be distributed in accordance with the settlement statement, and knowing that she would not cause the funds to be transferred as such, Defendants J. Seeley and John and Jane Does, acting as agent for

Defendants Home Savings, and John and Jane Does, made a misrepresentation of material fact.

95.    Defendant J. Seeley and John and Jane Does, acting as agent for Defendants Home Savings, and John and Jane Does, knew of the misrepresentation.

96.    Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does made the misrepresentation of fact inducing Plaintiff to sign the HUD-1 statement and the deed transfer, while they knew or should have known the falsity of the misrepresentation of fact.

97.    Because Defendants J. Seeley and John and Jane Does, acting as agent for Defendants Home Savings, and John and Jane Does, made the misrepresentation while they knew or should have known the falsity of the misrepresentation of fact, Plaintiff relied on the statement and signed the deed transfer over to Defendant J. Seeley and Joseph Topper.  (Exhibit "C")

98.    Defendants Home Savings, and John and Jane Does made the misrepresentation while they knew or should have known the truth or falsity of the misrepresentation of fact, or made the misrepresentation under circumstances in which they ought to have known about the falsity of the misrepresentation of fact.

99.    Defendants J. Seeley and John and Jane Does, acting as agent for Defendants Home Savings, and John and Jane Does, did not distribute the funds in accordance with the HUD-1 settlement sheet.

100.    Because Plaintiff relied on the statements of Defendants J. Seeley, acting as agent for Defendants Home Savings, and John and Jane Does, she lost her home and did not receive the funds that were promised to her.

101.    Negligent misrepresentation is an economic tort for which the remedy is the restoration of any damages.

102.    Plaintiff requests that judgment be entered against Defendants J. Seeley, J. Deardorff, Home Savings, and John and Jane Does in the amount of the equity lost in excess of $75,000 and the funds withheld after closing occurred.

        WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.


## SEVENTH COUNT

### Rescission as to the Installment Contract for Sale of the Home Back to the Original Owner by Defendants

103.    Paragraphs 1 through 102 are hereby incorporated as set forth herein.

104.    Fraud consists of:

        i.      a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

105.    Defendants J. Seeley, J. Deardorff, and John and Jane Does told Plaintiff that if she entered into the credit counseling program, she would be able to get out of debt and keep her home, and Defendants made that statement while they knew or should have known the falsity of the misrepresentation of fact.

106.    Plaintiff, in considerable financial distress, based her decision to enter the offered program on the credit counseling program.

107.    Plaintiff never received the money for her home's equity, nor did she receive

credit counseling.

108.    Defendants J. Seeley, J. Deardorff, and John and Jane Does did not plan to offer any credit counseling, and they knew or should have known the falsity of the misrepresentation of fact regarding credit counseling.

109.    Defendants J. Seeley, J. Deardorff, and John and Jane Does knew that there was no current or future counseling, and knew or should have known about the falsity of the misrepresentation of fact regarding credit counseling.

110.    In order for their program to work and for Defendants J. Deardorff, and John and Jane Does to profit from the arrangement, Defendant J. Seeley wanted Plaintiff to believe that she was entering a credit counseling program, even though Defendants J. Seeley, J. Deardorff, and John and Jane Does knew or should have known about the falsity of the misrepresentation of fact regarding credit counseling.

111.    Plaintiff justifiably relied on the promises of Defendants J. Seeley, J. Deardorff, and John and Jane Does in entering into a credit counseling program to save her home, even though Defendants J. Seeley, J. Deardorff, and John and Jane Does knew or should have known about the falsity of the misrepresentation of fact regarding the provision of credit counseling.

112.    Due to her reliance on the promises of Defendant J. Seeley, J. Deardorff, and John and Jane Does, Plaintiff lost the deed to her home, in part because of the installment agreement.

113.    Due to entering the program, Plaintiff agreed to enter into an installment sales agreement.

114.    The installment sales agreement between Plaintiff and Defendants required

monthly payment that were far beyond the current payments for which Plaintiff was responsible because it required payments to pay off the inflated mortgage that Defendants borrowed against Plaintiff's home.

115.     Plaintiff never received the money for her home's equity nor did she receive credit counseling.

116.     Plaintiff thought that she was keeping her home, not transferring it over to Defendants.

117.     Additionally, Defendants took a mortgage against the home at 103 Petersburg Road, Carlisle, PA 17013, and stated that the mortgage was for a residence.

118.     Defendants never lived in nor had any intention of living in the home at 103 Petersburg Road, Carlisle, PA 17013.

119.     The installment contract entered into was unsustainable because it asked for more money to be paid on the home than what the home could possibly have retrieved at any point in time.

120.     The impossible nature of the contract, coupled with the deceptive acts used in forming the contract and the lack of consideration, makes the contract unconscionable.

121.     This Court, in using its equitable powers, may order rescission of a contract on the grounds of fraud.  10 Pennsylvania Law Encyclopedia § 383, p. 375.

122.     The house located at 103 Petersburg Road, Carlisle, PA 17013 is Plaintiff's family home.

123.     Rescinding the agreements is the only way that Plaintiff can continue to keep her home.

124.     By rescinding the agreements, Plaintiff and the Defendants can return to the

status quo in place before the fraudulently induced deed transfer was signed.

125. The loss of Plaintiff's home by fraud is unable to be adequately remedied at law.

126. Plaintiff requests this Court to rescind the installment agreement between Plaintiff and Defendants.

WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.

## EIGHTH COUNT

### Rescission as to the Deed Transfer between Plaintiff and Defendants

127. Paragraphs 1 through 126 are hereby incorporated as set forth herein.

128. Fraud consists of:

    i.     a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

129. Defendants J. Seeley, J. Deardorff, and John and Jane Does told Plaintiff that if she entered into the credit counseling program, she would be able to get out of debt and keep her home, and Defendants knew or should have known the falsity of the misrepresentation of fact regarding that statement.

130. Plaintiff, in considerable financial distress, based her decision to enter the offered program partially on the credit counseling program.

131. Defendants J. Seeley, J. Deardorff, and John and Jane Does neither offered nor

planned to offer any credit counseling, and Defendants knew or should have known the falsity of the misrepresentation of fact regarding credit counseling.

132.    In order for the program to work, and for Defendants J. Deardorff, and John and Jane Does to profit from the arrangement, Defendant J. Seeley, J. Deardorff, and John and Jane Does wanted Plaintiff to believe that she was entering into a credit counseling program which would enable her to get out of debt and keep her home, and which Defendants neither offered nor planned to offer, and Defendants knew or should have known the falsity of the misrepresentation of fact regarding those statements.

133.    Plaintiff justifiably relied on the promises of Defendants J. Seeley, J. Deardorff, and John and Jane Does in entering into a credit counseling program to save her home.

134.    Due to her reliance on the promises of Defendants J. Seeley, J. Deardorff, and John and Jane Does, Plaintiff lost the deed to her home.

135.    Additionally, Plaintiff thought she was keeping her home, not transferring it to Defendants.

136.    Due to entering the program, Plaintiff agreed to enter into a deed transfer with Defendants.

137.    The deed transfer between Plaintiff and Defendants was based on a hyper-inflated value of Plaintiff's home due to the undue influence Defendants exerted on the appraiser.

138.    Defendants J. Seeley and John and Jane Does never gave Plaintiff the money as stated in the HUD-1 settlement sheet.

139.    Plaintiff never received the promised consideration for the deed transfer.

140.    The deed transfer was without consideration.

141.    The lack of consideration, coupled with the deceptive acts used in forming the contract, makes the contract void *ab initio*.

142.    Plaintiff never received the money for her home's equity nor did she receive credit counseling.

143.    The deceptive acts used in forming the contract and the failure to provide consideration for the contract make the contract unconscionable.

144.    This Court may decree rescission of a contract on the ground of fraud.  10 Pennsylvania Law Encyclopedia § 383, p. 375.

145.    The home located at 103 Petersburg Road, Carlisle, PA 17013  is Plaintiff's family home.

146.    By rescinding the agreements, Plaintiff and Defendants can return to the status quo in place before the fraudulently induced transfer was signed.

147.    A deed transferring ownership back to Plaintiff is attached.  (Exhibit "D")

148.    The loss of Plaintiff's home through fraud cannot be adequately remedied at law.

149.    Plaintiff requests this Court to rescind the deed transfer between Plaintiff and Defendants and order the duly executed filing of the attached deed.

WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.

## NINTH COUNT

### Rescission as to any Oral or Written Agreement by Defendants J. Seeley, J. Deardorff, and John and Jane Does, or Declaration of any such Agreements as Null and Void

150.    Paragraphs 1 through 149 are hereby incorporated as set forth herein.

151.    Fraud consists of:

> a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

152.    The agreement between Plaintiff and Defendants J. Seeley, J. Deardorff, and John and Jane Does superficially stated that by Plaintiff entering into the program, she would be provided with credit counseling services, her home would be safe from a sheriff's sale, and she could remain in her home, and Defendants knew or should have known the falsity of the misrepresentation of fact regarding those statements.

153.    Defendants J. Seeley, J. Deardorff, and John and Jane Does told Plaintiff that if she entered the credit counseling program, she would be able to get out of debt and keep her home, and they knew or should have known the falsity of the misrepresentation of fact regarding those statements.

154.    Plaintiff, in considerable financial distress, based her decision to enter the offered program partially on the credit counseling program.

155.    Defendants J. Seeley, J. Deardorff, and John and Jane Does neither offered nor planned to offer any credit counseling, and they knew or should have known the falsity of the misrepresentation of fact regarding the statement that she would be able to get out of debt and keep her home.

156.     In order for their program to work and for Defendants J. Deardorff, and John and Jane Does to profit from the arrangement, Defendants J. Seeley, J. Deardorff, and John and Jane Does wanted Plaintiff to believe that she was entering into a credit counseling program, and they knew or should have known about the falsity of the misrepresentation of fact regarding the statement that she would be able to get out of debt and keep her home.

157.     Plaintiff justifiably relied on the promises of Defendants J. Seeley, J. Deardorff, and John and Jane Does in entering into a credit counseling program to save her home.

158.     Due to her reliance on the promises of Defendants J. Seeley, J. Deardorff, and John and Jane Does, Plaintiff lost the deed to her home, in part because of the credit program that was offered to her.

159.     Plaintiff never received the money for her home's equity nor did she receive the credit counseling.

160.     Additionally, Plaintiff thought that she was keeping her home, not transferring it over to Defendants.

161.     Plaintiff never received copies of the documents that she signed.

162.     This Court may use its powers of equity to declare a contract null and void based on fraud.

163.     The house located at 103 Petersburg Road, Carlisle, PA 17013 has been the Plaintiff's home and is uniquely suited for her needs.

164.     Rescinding the agreements is the only way that Plaintiff can continue to keep her home.

165.     By rescinding the agreements, Plaintiff and Defendants J. Seeley, J. Deardorff,

and John and Jane Does can return to the status quo in place before Plaintiff entered into the fraudulently induced credit counseling program.

166.    The loss of Plaintiff's home through fraud cannot be adequately remedied at law.

167.    Plaintiff requests this Court to declare any oral or written agreements between Plaintiff and Defendants J. Seeley, J. Deardorff, and John and Jane Does null and void.

        WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.


## TENTH COUNT

### Fraudulent Misrepresentation by Defendants J. Seeley, J. Deardorff, S & D Property, and John and Jane Does

168.    Paragraphs 1 through 167 are hereby incorporated as set forth herein.

169.    Fraudulent Misrepresentation occurs when:

> One who fraudulently makes a misrepresentation of fact, opinion, intention, or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.

170.    Defendants J. Seeley, J. Deardorff, and John and Jane Does solicited people to enter into a credit counseling program to stop foreclosure proceedings and allow distressed homeowners to stay in their homes.

171.    Defendants J. Seeley, J. Deardorff, and John and Jane Does made misrepresentations of fact by offering a counseling program that they had neither the capability nor the intent to provide.

172.     By making this representation, Defendants J. Seeley, J. Deardorff, and John and Jane Does wanted to induce distressed homebuyers, such as Plaintiff, to enter into installment agreements and transfer the deeds to their homes to the Defendants.

173.     Plaintiff relied on Defendants J. Seeley, J. Deardorff, and John and Jane Does' representations regarding the receipt of a credit counseling program to stop foreclosure proceedings and allow her to stay in her home.

174.     As a result of Plaintiff's reliance on the promises of Defendants J. Seeley, J. Deardorff, and John and Jane Does, she lost the deed to her home and did not receive any money for the equity in her home.

175.     Plaintiff was asked to sign multiple documents which she believed were to help her with her deeds but instead were Agreements of Sale (Exhibit "E & F")

176.     Plaintiff suffered a loss due to the misrepresentation of Defendants J. Seeley, J. Deardorff, and John and Jane Does.

177.     Plaintiff requests this Court to rescind the contracts that were the focus of the fraudulent acts, and to enter judgment against Defendants J. Seeley, J. Deardorff, and John and Jane Does for appropriate fees and costs.

         WHEREFORE, the Plaintiff asks this Honorable Court to grant judgment in her favor in excess of $75,000, attorney fees, costs and any other relief this Honorable Court may see fit.


### ELEVENTH COUNT

### Negligence by Defendants Home Savings, and John and Jane Does

178.     Paragraphs 1 through 177 are hereby incorporated as set forth herein.

179.    In Pennsylvania, the elements of a cause of action based upon negligence are:

> a duty or obligation recognized by the law and requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff.

180.    In the context of vicarious liability:

> A principal is liable to third parties for the frauds, deceits, concealments, misrepresentations, torts, negligent acts and malfeasances of his agent, even though the principal did not authorize, justify, participate in or know of such conduct or even if forbade the acts or disapproved of them, as long as they occurred within the agent's scope of employment.

181.    Defendant J. Seeley was working within the scope of employment and/or agency when she was holding herself out as a settlement agent on behalf of Home Savings and John and Jane Does at the settlement conference.

182.    Defendants Home Savings, and John and Jane Does did not oversee Defendant J. Seeley's actions while Defendant J. Seeley was working on their behalf at the settlement conference.

183.    By failing to oversee Defendant J. Seeley, Defendants Home Savings, and John and Jane Does allowed Defendant J. Seeley, their agent, to make misrepresentations that caused homeowners, including Plaintiff, to sign over the deeds to their homes based on those misrepresentations.

184.    Due to the lack of oversight by Defendants Home Savings, and John and Jane Does, Plaintiff transferred her home based on a misrepresentation by the agent of said Defendants.

185.    Plaintiff requests this Court to enter judgment against Defendants Home Savings, and John and Jane Does in the amount of loss that she suffered due to the

actions of Defendant J. Seeley.

**WHEREFORE**, the Plaintiff asks this Honorable Court to provide the following:

That the fraudulently obtained transfer of deed be declared null and void;

That the transfer of deed be rescinded;

That the installment agreement be rescinded;

That any agreement to a credit counseling program be rescinded;

That Plaintiff continues to be in possession of her home during these proceedings;

That any other legal proceedings concerning the property be stayed;

That the actual damages of Plaintiff be assessed jointly and severally against all

Defendants, and trebled where in excess of $75,000;

That the costs of litigation, including attorney's fees, be assessed jointly and

severally against all Defendants;

And any and all equitable and legal relief that this Court may provide.

RESPECTFULLY SUBMITTED

Margaret M. Stuski, Esquire
PA Supreme Court ID 42478
61 West Louther Street
Carlisle, PA 17013
(717) 249-1177
Counsel for the Plaintiff

## VERIFICATION

I, Margaret M. Stuski, Esquire, on behalf of Plaintiff Pamela Dunkleberger., who was unavailable to sign this verification at this time, verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

1/13/10
Date

Margaret M. Stuski, Esquire

MARGARET M. STUSKI, ESQUIRE
PA Supreme Court ID 42478
61 West Louther Street
Carlisle, Pa 17013
(717) 249 - 1177
Attorney for Plaintiff

---

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAMELA A. DUNKLEBERGER** | : |
| **103 PETERSBURG ROAD** | : |
| **CARLISLE, PA 17013** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : |
| **v.** | : |
| | : |
| **JOANNE M. SEELEY** | : |
| **3441 LAWLER ROAD** | : |
| **MASLOW, OK 73055,** | : |
| **Defendant** | : |
| | : **CIVIL ACTION NO. _____** |
| **JAMES E. DEARDORFF, JR.** | : |
| **507 JERUSALEM SCHOOL ROAD** | : |
| **MOUNT WOLF, PA 17347,** | : |
| **Defendant** | : **JURY TRIAL DEMANDED** |
| | : |
| | : |
| **S & D PROPERTY SOLUTIONS, LLC** | : |
| **C/O JOANNE M. SEELEY** | : |
| **3441 LAWLER ROAD** | : |
| **MASLOW, OK 73055,** | : |
| **Defendant** | : |
| | : |
| **JMS BUSINESS SOLUTIONS, LLC** | : |
| **3441 LAWLER ROAD** | : |
| **MASLOW, OK 73055,** | : |
| **Defendant** | : |
| | : |
| **HOME SAVINGS OF AMERICA** | : |
| **11020 DAVID TAYLOR DRIVE #210** | : |

| | |
|---|---|
| **CHARLOTTE, NC 28262,** | : |
| **Defendant** | : |
| | : |
| **JANE AND JOHN Does,** | : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, Margaret M. Stuski, Esquire, counsel for Pamela Dunkleberger, hereby certify that a copy of the Complaint, was served upon Defendants at the above listed addresses, this ___13th___ day of ___January___ , 2010 by first-class mail, postage prepaid, and certified mail, return receipt requested, pursuant to Pa. C. R. P. 1930.4(c).

Counsel for the Plaintiff
Margaret M. Stuski, Esquire
PA Supreme Court ID 42478
61 West Louther Street
Carlisle, Pennsylvania 17013