IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAMELA A. DUNKLEBERGER,** | : | Civil Action No. 1:10-cv-00081 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JOANNE M. SEELEY, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

Plaintiff Pamela A. Dunkleberger filed a complaint in this action on January 13, 2010. (Doc. No. 1.) On that same date, the Court issued summons to Plaintiff for service on, inter alia, Defendants Joanne M. Seeley, S&D Property Solutions, LLC, and JMS Business Solutions, LLC. On June 2, 2010, the Clerk of Court sent a letter to Plaintiff's counsel, Ms. Margaret M. Stuski, directing her to file a status report on or before June 14, 2010, informing the Court of the dates on which each Defendant was served and including details regarding her intent to file a motion for default. (Doc. No. 9.) Ms. Stuski failed to file a status report. As of October 25, 2010, proof of service had not been filed with the Court as to any Defendant, and the Court issued an order on that date to show cause why Defendants Seeley, S&D Property Solutions, LLC, and JMS Business Solutions, LLC should not be dismissed for failure to serve in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 11.) On November 1, 2010, Ms. Stuski filed a reply to the Court's order in letter form, stating that the aforementioned Defendants were served on May 4, 2010. (Doc. No. 12.) Ms. Stuski also expressed her intent to file for entry of default against those Defendants. (Id.) After two months passed with no activity in the action, the Court issued an order on February 1, 2011, directing Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to prosecute

her claims. (Doc. No. 13.) To date, Plaintiff has not responded to the order. For the following reasons, the Court will dismiss Plaintiff's action.

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 50 1U.S. 32, 44 (1991). Nevertheless, because of the severity of a dismissal sanction, district courts should provide a plaintiff with an opportunity to explain her reasons for failing to prosecute her action or comply with court orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After a plaintiff is given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). None of these factors is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

First, with respect to Plaintiff's personal responsibility, the Court finds that Plaintiff's counsel, Ms. Stuski, is primarily responsible for the failure to comply with the Court's order or otherwise prosecute the instant action. However, Plaintiff cannot be totally devoid of responsibility solely because she is represented by counsel in this action. See Poulis, 747 F.2d at

868.  While the Court may excuse a plaintiff's ignorance of the Federal Rules of Civil Procedure, the Court notes that, in this case, a reasonably diligent plaintiff would have taken steps to either ensure that her attorney was actively pursuing this litigation or to retain new counsel if her attorney was not willing or able to do so.

Second, the Court will address the prejudice to Defendants caused by Plaintiff's failure to prosecute her claims.  "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (internal quotation marks and citation omitted).  But "prejudice is not limited to 'irremediable' or 'irreparable' harm.  It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Id. (internal citations and quotation marks omitted).  The instant litigation has been pending for nearly two years, and neither Plaintiff nor Ms. Stuski has given any indication that Plaintiff plans to return to this case.  Further, Defendants have been given no information regarding Plaintiff's claims beyond the allegations contained in the complaint.  Accordingly, the Court finds that the prejudice to Defendants is severe and weighs heavily in favor of dismissal.

Third, the Court will consider Plaintiff's history of dilatoriness before the Court.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent . . . tardiness in complying with court orders." Id. at 260.  Plaintiff's conduct in this litigation has not been acceptable.  Plaintiff has taken no action in this case for over one year and failed to even attempt to comply with the Court's February 1, 2011 order, which warned her that failure to respond to the order may result in dismissal of the action for failure to prosecute.  It

appears that Plaintiff has completely ignored that order as well as this litigation in its entirety. Accordingly, the Court finds that Plaintiff's dilatoriness has been significant and weighs heavily in favor of dismissal.

With respect to the fourth factor, the Court must consider whether the conduct of Plaintiff or her counsel was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Id. at 262. The Court finds that the conduct of Plaintiff and Ms. Stuski demonstrates a willful disregard for the Court's directives and the opposing parties. This factor, therefore, weighs in favor of dismissal.

Regarding the fifth factor, the Court must consider whether alternative sanctions would be effective. Because the Court "cannot envision a[n] [alternative] sanction" that would be effective in bringing about Plaintiff's compliance with Court orders in this action, the Court concludes that this factor weighs in favor of dismissal. See id.

Finally, in determining whether a plaintiff's claims are meritorious, courts generally use the standard for a motion to dismiss for failure to state a claim. Id. at 263. Thus, a claim is deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Id. Plaintiff's claims appear to be facially meritorious; her complaint is thirty-one pages in length, includes eleven counts, and avers facts in support of each alleged violation. (Doc. No. 1.) Accordingly, this factor will weigh against dismissal of the action.

In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. Briscoe, 538 F.3d at 263. Instead, it is within this Court's discretion to balance these factors. Id. Upon weighing the factors, the Court finds that dismissal is warranted in this action. In reaching this decision, the Court is especially mindful of

the fact that Plaintiff has taken virtually no action to pursue this litigation other than file a complaint.  Further, she has had over eleven months to respond to the Court's show cause order and has made no effort to do so.  The conduct of Plaintiff and Ms. Stuski, quite simply, indicates that they have no intention whatsoever to further pursue Plaintiff's claims.[1]  Such conduct cannot be tolerated.

      **ACCORDINGLY**, on this 9th day of January 2012, **IT IS HEREBY ORDERED THAT**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the claims of Plaintiff are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close the case.

                                                  S/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania

---

[1] The Court notes that Ms. Stuski is counsel for the plaintiff in a similar case pending before this Court, Hocker v. CitiMortgage, Inc., 1:09-cv-00973.  In Hocker, Ms. Stuski filed five responses to Court orders during the past two months, indicating that there are no extraordinary circumstances excusing her lack of diligence in the present matter.